Eric **WEIDMAN**, Plaintiff,

v.

Jeanice **THOMAS**, et al., Defendants.

CIV. A. No. 92–1365–B.

United States District Court,
D. Kansas.

July 29, 1992.

Eric Weidman, pro se.

Paul L. Thomas, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the application of plaintiff to proceed *in forma pauperis.* The court has reviewed plaintiff's financial affidavit and finds that plaintiff should be allowed to file this action without the prepayment of costs.

Plaintiff alleges that art work created by him on display at Century II in Wichita was removed and/or stolen or damaged by certain named and unnamed defendants. Plaintiff further alleges that the Wichita Police Department failed to bring criminal charges against any of these defendants, and that defendant Jeanice Thomas defamed him by disparaging plaintiff's works of art on a local television broadcast. Plaintiff contends that by deriding his works of art as obscene, he has been accused of a crime and deprived of certain constitutional rights attaching to criminal defendants.

For his federal claim, plaintiff alleges violations of 42 U.S.C. §§ 1985(3), 1986, and 1988. Plaintiff also alleges violations of Article IV, § 2 as well as the Fourteenth and First Amendments to the Constitution.

Section 1915(d) of Title 28 grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327 & 328, 109 S.Ct. 1827, 1832 & 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340, 350 (1992).

Granting this *pro se* complaint the required liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court finds that the bulk of the federal claims alleged

by plaintiff are utterly devoid of any arguable legal basis. A violation of 42 U.S.C. § 1985(3) is cognizable only for conspiracies motivated by some class-based, invidious discriminatory animus. *Dixon v. City of Lawton*, 898 F.2d 1443 (10th Cir.1990); *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Moreover, under § 1985(3), it is only certain classes who are protected against conspiracies to deprive their members of civil rights. *See United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (economic or commercial animus not actionable); *Brown v. Reardon*, 770 F.2d 896 (10th Cir.1985) (discrimination based on political activity not actionable); *cf. Women's Health Care Servs. v. Operation Rescue–Nat'l*, 773 F.Supp. 258 (D.Kan.1991). Plaintiff, who avers that he is a white male of German origins, alleges no such class-based discrimination, and dismissal of the § 1985(3) claims is therefore required.

Because liability under § 1986 is predicated upon a violation of § 1985, the court will also dismiss the § 1986 claim.

The court will also dismiss the claims under § 1988, which provides no independent substantive cause of action from the other civil rights statutes.

Plaintiff's claim under the Privilege and Immunities Clause is likewise devoid of any arguable merit. Although this provision proscribes private as well as state action, *Griffin*, 403 U.S. at 105–06, 91 S.Ct. at 1800, the facts alleged by plaintiff do not suggest how plaintiff, as a Kansas citizen, has been deprived of any right of the "Citizens in the several States." U.S. Const. art. IV, § 2.

Plaintiff's allegation that he has been deprived of certain rights afforded criminal defendants fails for the obvious reason that defendant has not been charged with any crime.

█ The court, however, declines to dismiss as frivolous plaintiff's claims made under the First and Fourteenth Amendment. The court construes these claims to be made under 42 U.S.C. § 1983, which makes actionable deprivations of federal rights done under color of state law. Although it is unclear from the complaint whether all the defendants may have acted under color of state law, the factual allegations are sufficient to indicate that at least some of the defendants were state actors. Moreover, the court is not prepared to say at this time that no arguable violation of the First or Fourteenth Amendment has occurred. In sum, the court finds that the better course is to allow defendants to answer these alleged violations rather than dismiss them as frivolous.

Accordingly, the court hereby grants plaintiff's petition (Doc. 1) to proceed *in forma pauperis*.

IT IS SO ORDERED.